■ In the Matter of the Claim of LOUIS SAPP, JR., Respondent, v ABRAHAM & STRAUS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 15, 1976, which affirmed awards of varying compensation for intermittent periods and a classification of permanent partial disability. Claimant, a 29-year-old stockman, sustained a compensable back injury on October 8, 1971. A claim for compensation was filed November 13, 1971 and the carrier filed a notice that it was not controverting the claim. Thereafter, the carrier paid awards for total disability from October 8, 1971 through October 22, 1971 and, subsequently, paid reduced earnings for partial disability from October 22, 1971 through August 4, 1972. On August 16,

1972 it notified the board that it had stopped payments because of a medical report indicating no further disability. After hearings a further award for reduced earnings was made to claimant for the interrupted period, with payments to continue. The appellants made no objection. After September 1, 1972 these reduced earnings ceased because claimant had obtained other employment at a salary larger than he had received at the time of his accident. Thereafter, while employed in Pennsylvania his pain recurred and he was examined by a doctor who found him to be still disabled from the back condition resulting from the October 8, 1971 accident. Hearings were held on the issue of claimant's entitlement to reduced earnings from November 13, 1974, the date he was laid-off from his job in Pennsylvania. The referee found (1) that from January 11, 1974 to November 13, 1974 (while claimant was earning excess wages) there was no compensable lost time; (2) that from November 13, 1974 to April 7, 1975 (while claimant was laid-off from work) that he was entitled to an award for partial disability at the rate of $30 per week reduced earnings; (3) that he had no compensable lost time from April 7, 1975 to July 1, 1975 (while claimant again earned excess wages); (4) that he was entitled to an award for total disability from July 1, 1975 through July 18, 1975 (while the claimant was hospitalized because of severe back pain with radiation down both legs); and (5) that he was entitled to an award for partial disability at the $30 per week reduced earnings rate. The referee also classified the claimant's disability as permanent partial. Appellants moved to restore the case to the calendar for further development of the record, asking that they be permitted to produce the original hospital records, examine the Pennsylvania doctor and re-examine their own doctor who had consistently reported and testified that claimant had no residual pathology. The motion was denied by the board and appellants now seek a remittal rather than a reversal of the board's determination. Appellants' contentions are wholly untenable. The record demonstrates that over a period of four years 17 hearings were held resulting in numerous awards and reductions. On this record we cannot say that the board arrived at its determination without affording the appellants the opportunity to produce any and all relevant records or to call any medical witnesses felt to be necessary. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.